[Crim. No. 14411. In Bank. Sept. 25, 1970.]

In re RAYMOND VEGA LOPEZ on Habeas Corpus.

## COUNSEL

Robert N. Beechinor, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Derald E. Granberg and Charles R. B. Kirk, Deputy Attorneys General, for Respondent.

## OPINION

**MOSK, J.**—Upon his conviction for indecent exposure and battery, petitioner Raymond Vega Lopez was found to be a sexual psychopath (mentally disordered sex offender) and was ordered committed for an indeterminate period to the Department of Mental Hygiene for placement in an institutional unit for the care and treatment of such persons, designated by the court, located in a facility of the Department of Corrections (former Welf. & Inst. Code, § 5512, now § 6316).[1] While under detention in such a facility he was charged with and convicted of the crime of possession of a deadly weapon by a "person confined in a state prison." (Pen. Code, § 4502.) The judgment was affirmed on appeal (*People* v. *Lopez* (1969) 1 Cal.App.3d 672 [82 Cal.Rptr. 121]), and no petition for hearing was filed.

---

[1]The order of commitment was made on a printed form, with certain deletions and interlineations. Unfortunately, the form used was designed for a different type of sexual psychopath commitment and the court's modifications of its language were inadequate to fully express the court's intent. That intent, however, becomes clear when the order is read in its entirety and in the context of the record, including the diagnostic report of the superintendent of Atascadero State Hospital. When so read, the document in question must be deemed to be an order of commitment made pursuant to the terms of the fourth paragraph of former section 5512 of the Welfare and Institutions Code. But we take this occasion to condemn, as we have repeatedly done in the past, the use of inappropriate or outdated printed forms in important stages of a civil commitment proceeding. (*In re Walker* (1969) 71 Cal.2d 54, 58, fn. 3 [77 Cal.Rptr. 16, 453 P.2d 456]; *People* v. *Victor* (1965) 62 Cal.2d 280, 293, fn. 8 [42 Cal.Rptr. 199, 398 P.2d 391]; *In re Raner* (1963) 59 Cal.2d 635, 637, fn. 1, 641, fn. 8, 642, fn. 9 [30 Cal.Rptr. 814, 381 P.2d 638].)

Petitioner thereafter applied to this court for habeas corpus, and we issued an order to show cause and appointed counsel to represent him. The sole contention made in the petition for habeas corpus is that former Welfare and Institutions Code section 6700.5 (now § 7301) rendered petitioner immune from prosecution for violating Penal Code section 4502. This was also the sole contention on the appeal.

■ We conclude that the Court of Appeal was correct, for the reasons there stated, in holding that "section 4502 is construed as applying to [petitioner] as a sexual psychopath confined to a state prison under a court commitment, and the exemption of section 6700.5 of the Welfare and Institutions Code is limited to persons so confined pursuant to administrative action taken under that section." (1 Cal.App.3d at p. 682.)

The order to show cause is discharged and the petition for habeas corpus is denied.

Wright, C. J., McComb, J., Peters, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.