[Civ. No. 39742. First Dist., Div. Two. Feb. 3, 1977.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF MARIN COUNTY, Respondent;
JEFFREY GAULDEN, Real Party in Interest.

774

**COUNSEL**

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Eugene W. Kaster and James D. Hurwitz, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Salle S. Soladay for Real Party in Interest.

**OPINION**

ROUSE, J.—The People petition for a writ of mandate to compel respondent court to set aside its order of August 3, 1976, which directed

that evidence of real party's prior conviction for violation of section 187 of the Penal Code (murder) be excluded from real party's forthcoming trial for violation of section 4500 of the Penal Code (assault with a deadly weapon by a life inmate).

Respondent court found that defense counsel representing real party in the proceedings which led to his prior conviction for murder had failed to investigate and present a possible crucial defense. The court concluded that evidence of the prior murder conviction should be excluded from real party's forthcoming trial because of the "constitutional inadequacy of defendant's trial counsel" in the prior proceeding.

We have concluded (1) that respondent court had no jurisdiction to entertain or hear a pretrial motion to strike a prior conviction based upon the ground of ineffective assistance of counsel in the proceedings leading to the prior conviction, and (2) that respondent court had no jurisdiction to entertain or to conduct an evidentiary hearing on the motion to exclude evidence of the prior conviction which constituted an element of the offense described in section 4500 of the Penal Code. ■ Mandamus will issue, where as here, a court does not have jurisdiction to entertain the motion, conduct the inquiry and issue its order. (*People* v. *Superior Court* (1971) 4 Cal.3d 605, 607-609 [94 Cal.Rptr. 250, 483 P.2d 1202].)

■ Although a pretrial hearing to determine the constitutional validity of prior convictions is authorized by *People* v. *Coffey* (1967) 67 Cal.2d 204, 217 [60 Cal.Rptr. 457, 430 P.2d 15], hearings pursuant to *Coffey* are limited to the issues of denial of the right to be *represented* by counsel and ineffective waiver of the right to be so *represented.* (*People* v. *Vienne* (1973) 30 Cal.App.3d 266, 270-272 [105 Cal.Rptr. 584]; *People* v. *Malloy* (1974) 41 Cal.App.3d 944, 952-953 [116 Cal.Rptr. 592].) To explore matters other than the easily determined fact of representation by, or waiver of, counsel on motions to dismiss priors would entail lengthy delays in the prosecution and trial of criminal cases. (*People* v. *Vienne, supra,* at p. 272.) It should be obvious, therefore, that any alleged constitutional infirmity in a prior conviction, *other than the right to counsel,* is a matter which must be left to proceedings in habeas corpus. (*People* v. *Malloy, supra,* at p. 952; *People* v. *Vienne, supra,* at p. 272.)

Respondent court's reliance on *People* v. *Newton* (1970) 8 Cal.App.3d 359 [87 Cal.Rptr. 394], was misplaced. *Newton* involved a claim of

ineffective waiver of the right to be represented by counsel, a claim that is clearly cognizable in a pretrial hearing on a motion to strike under the *Coffey* rule. (*Newton, supra,* at pp. 386-387.) Nor does *People* v. *Noah* (1971) 5 Cal.3d 469 [96 Cal.Rptr. 441, 487 P.2d 1009], support respondent court's action. In *Noah,* the trial court ruled that defendant was not serving a life term because a judgment on which the term had been imposed was invalid. Noah requested and received an instruction that he " 'was not during the commission of the offense charged serving a life sentence.' " (P. 472, fn. 2.) On appeal, he did not challenge the conviction on this ground, and the Supreme Court specifically noted that "the propriety of the trial court's ruling is not before us." (P. 472, fn. 2.) Cases are not authority for propositions not considered. (*In re Tartar* (1959) 52 Cal.2d 250, 258 [339 P.2d 553].) Since the issue was neither presented nor decided in *Noah,* that case is not authority for the trial court's action.

The record shows that real party's prior murder conviction was affirmed on appeal. (*People* v. *Gaulden* (1974) 36 Cal.App.3d 942 [111 Cal.Rptr. 803].) A reference to that opinion shows conclusively that real party was represented by counsel at his trial for murder. Moreover, the issue of competency of his counsel was raised on appeal, and the court found no incompetency of counsel in the constitutional sense. (*People* v. *Gaulden, supra,* at pp. 952-953.) We hold that a claim of incompetency of counsel may not be raised in a pretrial motion to strike priors. To sanction review of renewed claims of ineffective assistance of counsel in a pretrial hearing on a motion to strike priors alleged in new and different prosecutions would result in intolerable delays and completely frustrate the goal of a speedy trial on the new charges.[1]

We now turn to the authority of the court to entertain and to conduct evidentiary hearings on the motion to exclude evidence of the prior murder conviction as an element of the charged offense. Section 4500 of the Penal Code provides, in pertinent part, that "Every person undergoing a life sentence in a state prison of this state, who, with malice aforethought, commits an assault upon the person of another, other than

---

[1]This case presents a classic example of the delays which would be encountered. Real party was indicted on April 23, 1975, accused of a violation of section 4500 of the Penal Code, committed on or about January 27, 1975, and a violation of section 4502 of the Penal Code (possession of a sharp instrument), committed on November 17, 1974, with three prior convictions alleged. The motion to strike and exclude evidence was made on April 16, 1976, and it was not until August 3, 1976, after extended hearings, that the order here under review was issued.

another inmate, with a deadly weapon or instrument, or by any means of force likely to produce great bodily injury is punishable with death; however, in cases in which the person subjected to such assault does not die within a year and a day after such assault as a proximate result thereof, or the person so assaulted is another inmate, the punishment shall be imprisonment in the state prison for life without the possibility of parole for nine years."

The elements of the offense set forth in section 4500 are (1) an aggravated assault, (2) by a state prisoner, (3) *serving a life term,* (4) with malice aforethought. (*People* v. *Noah, supra,* at p. 477.)[2] The court's order excluding evidence of the prior murder conviction at petitioner's trial for violation of section 4500 in effect precludes the People from producing evidence to establish one of the necessary elements of the offense, i.e., that real party was serving a life term. The order excluding evidence terminates the prosecution under section 4500 for all practical purposes, since to proceed with the trial without evidence of a necessary element of the offense would be an exercise in futility.

■ Section 4500 was enacted for the purpose of promoting prison safety by discouraging assaults by prison inmates. (*People* v. *Noah, supra,* at p. 475.)[3] The laws relating to prison conduct were enacted for the protection of the inmates as well as prison employees. (*Wells* v. *People of State of California* (1965) 352 F.2d 439, 443, cert. den. (1969) 384 U.S. 1009 [16 L.Ed.2d 1021, 86 S.Ct. 1968].) All that is required by section 4500 is that the prisoner be serving a life sentence. Section 4500 et seq., do not require that the conviction and sentence be a valid one. (*Wells* v. *People of State of California, supra,* at p. 442.) " 'If the purpose of the statute is to be achieved, and obviously the purpose is a sound one, it makes no difference why the prisoner has been confined, or that he may be legally entitled to release.' People v. Scherbing, 93 Cal.App.2d 736, 209 P.2d 796." (*Wells* v. *People of State of California, supra,* at p. 442.) Although *Scherbing,* relied upon in *Wells,* involved a violation of section 4502 of the Penal Code, the reasoning in *Scherbing* is

[2] The second count of the indictment filed on April 23, 1975, accused real party of a violation of section 4500 of the Penal Code committed "On or about January 27, 1975, at and in the County of Marin, State of California, the said defendant, *being then and there a person undergoing a life sentence in a State Prison of this State, to wit: California State Prison at San Quentin,* did, with malice aforethought commit an assault upon the person of another with a deadly weapon, to wit: a stabbing instrument . . . ." (Italics added.)

[3] Section 4500 of the Penal Code recently survived an attack upon its constitutionality. (*People* v. *Gardner* (1976) 56 Cal.App.3d 91 [128 Cal.Rptr. 101], hg. den.)

analogous. *Scherbing* was followed in *People* v. *Lopez* (1969) 1 Cal.App.3d 672, 681-682 [82 Cal.Rptr. 121] (approved in *In re Lopez* (1970) 3 Cal.3d 147, 149 [89 Cal.Rptr. 614, 474 P.2d 430]) and *People* v. *White* (1960) 177 Cal.App.2d 383, 385 [2 Cal.Rptr. 202].[4] We find no authority for respondent court's statement that *Wells* and *Scherbing* are no longer controlling, and we discern no legislative intent to except from the provisions of the statute those prisoners who are undergoing life sentences and whose convictions, *after* the commission of the assaults, are overturned on collateral attack.

█ In any event, real party has presented no basis for an attack upon the validity of the prior murder conviction in the present proceedings. The record shows that real party was represented by counsel at the proceedings leading to the prior murder conviction and on appeal from the judgment of conviction, and that real party was confined under authority of law under a judgment that was final and valid on its face on January 27, 1975, at the time of the commission of the present offense. The record further shows that real party's attack upon the validity of the prior murder conviction in this proceeding was based primarily upon the ground of ineffective assistance of counsel. Attacks upon prior convictions based upon grounds other than the right to be represented by counsel are cognizable only in an independent proceeding in habeas corpus, separate and distinct from the present proceeding. Assuming that real party is successful in an independent attack upon the prior judgment of conviction, he subjects himself to a retrial which may reach the same result. (*People* v. *Rhodes* (1974) 12 Cal.3d 180, 187 [115 Cal.Rptr. 235, 524 P.2d 363].)

█ Real party argues, however, that the People have waived their right to a review by mandate because (1) they did not cite the *Vienne* and *Malloy* cases to respondent court and cited them for the first time in this court; (2) they acquiesced in respondent court's action by agreeing that evidence from the evidentiary hearing could be introduced in support of a pending petition for writ of habeas corpus; (3) they declined respondent court's invitation to petition this court for mandate before the evidentiary hearings began.[5]

---

[4]*People* v. *Scherbing* (1949) 93 Cal.App.2d 736 [209 P.2d 796], was disapproved on another point in *People* v. *Olivas* (1976) 17 Cal.3d 236, 257 [131 Cal.Rptr. 55, 551 P.2d 375].

[5]A petition for writ of habeas corpus was filed in respondent court on April 21, 1976, amended May 27, 1976, and an order to show cause issued on July 2, 1976. Upon request of the People, opposed by real party, respondent court permitted the People's return to

The record shows, contrary to real party's assertions, that the People consistently opposed real party's motion and objected to the propriety of an evidentiary hearing. We agree with real party that the prosecution was remiss in not citing *Vienne* and *Malloy* to respondent court and in declining respondent court's invitation to seek a writ to review the propriety of its order before the hearings began. We conclude, however, that the People raised the issue of the lack of jurisdiction of the trial court to consider the motion and to hold the evidentiary hearing, and that they did not waive their right to a review of that issue. Moreover, the People may not, by their actions or inactions, confer jurisdiction upon a trial court, if the court has no jurisdiction over the subject matter of the proceedings.

For the reasons herein set forth, we conclude that respondent court had no jurisdiction to entertain real party's motion, to conduct evidentiary hearings thereon, or to issue its order. Since the court had no jurisdiction over the subject matter, all the proceedings leading to the order here under review are null and void, and the court's order excluding evidence of the prior murder conviction at the forthcoming trial of real party for violation of section 4500 of the Penal Code must be annulled. Respondent court may now proceed with the trial of the pending charges and with the order to show cause which has been issued in the habeas corpus proceeding. Our review extends no further than to determine whether respondent court exceeded its jurisdiction in entertaining the motion, conducting the inquiry, and issuing its order. It would be premature for us to decide other issues raised by the parties in this proceeding. (*People* v. *Superior Court, supra,* at p. 611.)

Let a writ of mandate issue as prayed for in this petition.

Taylor, P. J., and Kane, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied March 31, 1977. Tobriner, J., was of the opinion that the petition should be granted.

be filed within 30 days of final judgment in this action. A reference to the petition for habeas corpus reveals that real party has incorporated therein his motion to strike made in the present proceedings. Thus, real party attempts to intertwine the two proceedings. Habeas corpus, however, is an independent attack upon the validity of the prior murder conviction which is entirely separate and distinct from the present proceedings.