[Crim. No. 21459. First Dist., Div. One. July 29, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
CLEVON REEVES, Defendant and Appellant.

66

**COUNSEL**

H. Eugene Andreasen, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins and David D. Salmon, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**NEWSOM, J.**—The instant appeal is from the judgment, after a jury trial, convicting appellant of burglary, with an enhancement for a prior forgery conviction.

A review of the factual background shows that, on Christmas Eve of 1979, a private security guard observed a man trying to break into Larmar Brothers Tire Shop in Salinas, California, and at once called the police. A few minutes later, Officer Olea arrived, found a broken entrance-gate, and saw appellant inside the lighted shop, carrying a tire. When searched, appellant was found to be carrying a tool pouch.

On this and related evidence, appellant was convicted, the jury having obviously rejected his testimony that he was a mere drunken trespasser who crawled through an already existing opening in the metal gate, probably to escape the rain, and who, as an electrician, always carried tools with him.

I

Appellant's first contention on appeal is that the trial court improperly denied his motion to strike a 1972 forgery conviction as being invalid under *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709], and its California corollary, *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].

The transcript of the proceedings of the 1972 plea were unavailable, having been destroyed pursuant to Government Code section 69955, and the trial court's denial of the motion to strike was therefore based on the minute order concerning the plea, which states that, "The Court finds defendant knowingly, intelligently and voluntarily waived his rights including rights to jury trial, right against self-incrimination, and right of confrontation of witnesses. Before plea is entered, defendant is advised that based upon his past record, he probably will be sentenced

to state prison." From this order the court concluded it could reasonably infer the constitutional validity, in terms of advisement and waiver, of the prior guilty plea.

 A split of authority exists on the issue of whether a motion to strike may be used to collaterally attack a prior conviction on grounds other than denial of the right to counsel (*People v. McFarland* (1980) 108 Cal.App.3d 211, 219 [166 Cal.Rptr. 429].) In *People v. Coffey* (1967) 67 Cal.2d 204 [60 Cal.Rptr. 457, 430 P.2d 15], the California Supreme Court first explicitly recognized such a procedure, explaining as follows: "Though these principles were first given application in a series of cases involving collateral attacks on final judgments (*In re Woods*, [1966] 64 Cal.2d 3 . . .; *In re Luce* (1966) 64 Cal.2d 11 . . .; *In re Tucker* (1966) 64 Cal.2d 15 . . .), it is clearly in the interest of efficient judicial administration that attacks upon the constitutional basis of prior convictions be disposed of at the earliest possible opportunity, and we are therefore of the view that, if the issue is properly raised at or prior to trial, it must be determined by the trial court. We are further of the view that the procedure here sought to be utilized, to wit, a motion to strike the prior before trial, is a proper method by which to raise the issue and initiate proceedings to determine the constitutional validity of the prior conviction. [¶] We emphasize, however, that the issue must be raised by means of allegations which, if true, would render the prior conviction devoid of constitutional support. 'One seeking to challenge prior convictions charged against him may do so only through a clear allegation to the effect that, in the proceedings leading to the prior conviction under attack, he *neither was represented by counsel nor waived the right to be so represented.*' (Original italics.) (*People v. Merriam* (1967) 66 Cal.2d 390, 397 . . . .)" (*Id.*, at p. 215.)

It will thus be seen that the court in *Coffey* apparently limited use of the motion to strike to situations where a defendant clearly alleged that "he neither was represented by counsel nor waived the right to be so represented."

While a number of decisions since *People v. Coffey, supra*, 67 Cal.2d 204, have interpreted its mandate broadly as authorizing collateral attack by way of a motion to strike based upon inadequate advisement under *Boykin* and *Tahl*, other than the right to counsel,[1] several cases

---

[1]*Ganyo v. Municipal Court* (1978) 80 Cal.App.3d 522 [145 Cal.Rptr. 636]; *Salazar v. Municipal Court* (1975) 44 Cal.App.3d 1024 [119 Cal.Rptr. 98]; *Hartman v. Mu-*

have held that only an allegation of denial of the right to counsel will justify collateral attack. (*People* v. *Lewis* (1977) 74 Cal.App.3d 633 [141 Cal.Rptr. 614]; *People* v. *Superior Court* (*Gaulden*) (1977) 66 Cal.App.3d 773 [136 Cal.Rptr. 229]; *People* v. *Malloy* (1974) 41 Cal.App.3d 944 [116 Cal.Rptr. 592]; *People* v. *Vienne* (1973) 30 Cal. App.3d 266 [105 Cal.Rptr. 584].)

In *People* v. *Superior Court* (*Gaulden*), *supra*, the court cited as a controlling factor in its narrow construction of the *Coffey* decision, not only the rather unambiguous language of the latter holding, but the difficulty and lengthy delays in prosecution and trial of criminal cases which would result if the role were extended to matters "other than the easily determined fact of representation by, or waiver of, counsel." (*People* v. *Superior Court* (*Gaulden*), *supra*, 66 Cal.App.3d 773, 776.)

Absent any contrary ruling from our Supreme Court[2] we are guided by the decision in *People* v. *Superior Court* (*Gaulden*), *supra*, 66 Cal. App.3d 773, and hold that the instant challenge is foreclosed by the rule in *People* v. *Coffey, supra*, 67 Cal.2d 204.

## II

◼ Appellant's second contention is that the trial court erroneously failed to instruct the jury *sua sponte* that, if they entertained a reasonable doubt as to which of two offenses was committed, they must convict of the lesser offense only.

Such is the law in California. (Pen. Code, § 1097; *People* v. *Dewberry* (1959) 51 Cal.2d 548, 556 [334 P.2d 852].) In the present case, however, at appellant's request and in accordance with CALJIC No. 17.10, the jury was instructed: "If you are not satisfied beyond a reasonable doubt that the defendant is guilty of the offense charged, he may, however, be found guilty of a lesser offense, if the evidence is sufficient to establish his guilt of such lesser offense beyond a reasonable doubt. The offense of burglary with which the defendant is charged has

*nicipal Court* (1973) 35 Cal.App.3d 819 [111 Cal.Rptr. 126]; *Gonzalez* v. *Municipal Court* (1973) 32 Cal.App.3d 706 [108 Cal.Rptr. 612]; *Cooper* v. *Justice Court* (1972) 28) Cal.App.3d 286 [104 Cal.Rptr. 543].

[2]We are aware of dicta in the recent case of *In re Rogers* (1980) 28 Cal.3d 429 [169 Cal.Rptr. 222, 619 P.2d 415], suggestive of a broader interpretation of *People* v. *Coffey, supra*, 67 Cal.2d 204; but there the facts were very different, and the question was whether an adjudication that a prior felony was *invalid* bound the Community Release Board under res judicata principles.

a lesser not included offense of trespass to land to interfere with business." Later, the court instructed the jury as follows: "And I've instructed you if you have a reasonable doubt whether the defendant is guilty or not guilty of burglary, then of course it would be your duty to find him not guilty of burglary. You may then consider the second verdict form and decide whether or not he is proved guilty beyond a reasonable doubt of that crime as I have instructed you. If you find that the evidence is insufficient there, mark that one not guilty and bring them both back with you. Obviously, if you find the defendant guilty of burglary, do not even consider the lesser offense, just forget about it and bring the verdict form back in."

Appellant argues that this sequence of instructions, together with the trial court's failure to properly instruct that, if a reasonable doubt exists, only a conviction of the lesser offense is proper, "misled and confused" the jury to his prejudice. The jury should, he contends, have been instructed to consider the charged offense and any lesser offense together, and, if a reasonable doubt arose as to which offense was committed, should have convicted the defendant of the lesser offense only.

The form of the instruction proposed by appellant appears to be correct, and the instructions as given constitute error. (*People* v. *Aikin* (1971) 19 Cal.App.3d 685, 703-704 [97 Cal.Rptr. 251].)

Given the overwhelming evidence of appellant's guilt, however, the omission does not in our view require reversal according to the standard set forth in *People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243], since it is not reasonably probable that a different result would have been obtained in the absence of such error.

Here, the jury was instructed in the terms of CALJIC No. 17.10 at appellant's request, and was further charged that it must find appellant guilty of burglary beyond a reasonable doubt. Clearly, therefore, the jury knew that it had the option of convicting appellant of only the lesser offense if it entertained such a doubt; recognition of that option is implicit in the request for a rereading of the definitions of burglary and trespass to property, 10 minutes after which the verdict was returned. Given this sequence, the state of the evidence and the instructions actually given, it seems to us highly improbable that appellant would have been found not guilty of burglary had the jury been instructed as he now suggests. (*People* v. *Arbaugh* (1947) 82 Cal.App.2d 971, 989 [187 P.2d 866].)

## III

Appellant's final contention is that the verdict convicting him of second degree burglary is not supported by substantial evidence. His argument centers upon an alleged lack of evidence that he harbored a specific intent to take and carry away any property from the tire shop and permanently deprive the property owner of its possession. Appellant directs our attention to the facts that he had neither a vehicle nor any confederate to assist him in carrying away the tires, and was at least slightly intoxicated. He points as well to the fact that the office area of the building had not been disturbed and to his own testimony that he entered the premises to seek shelter from the inclement weather.

In resolving this issue, we are bound by well-established rules of appellate review summarized in *People v. Redmond* (1969) 71 Cal.2d 745 [79 Cal.Rptr. 529, 457 P.2d 321], as follows: "This court must view the evidence in a light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citation.] If the circumstances reasonably justify the trial court's findings, reversal is not warranted merely because the circumstances might also be reasonably reconciled with a contrary finding. [Citations.] The test on appeal is whether there is substantial evidence to support the conclusion of the trier of fact; it is not whether guilt is established beyond a reasonable doubt. [Citation.] [¶] Before the judgment of the trial court can be set aside for insufficiency of the evidence to support the verdict of the jury, it must clearly appear that upon no hypothesis whatever is there substantial evidence to support it." (*Id.*, at p. 755.)

The prosecution attempted to establish the requisite intent element circumstantially, primarily through the testimony of the arresting officers. The felonious intent which supports a burglary charge must usually be inferred from all of the facts and circumstances disclosed by the evidence, rarely being directly provable. (*People v. Moody* (1976) 59 Cal.App.3d 357, 363 [131 Cal.Rptr. 923]; *People v. Earl* (1973) 29 Cal.App.3d 894, 896 [105 Cal.Rptr. 831].) "When the evidence justifies a reasonable inference of felonious intent, the verdict may not be disturbed on appeal." (*People v. Matson* (1974) 13 Cal.3d 35, 41 [117 Cal.Rptr. 664, 528 P.2d 752].)

Evidence of appellant's guilt in the instant case shows that he was apprehended in a tire shop late on Christmas Eve, after having

made an unauthorized entry into the premises through a small opening in a metal entry gate which he either created or used. When first observed by the investigating officer, he was carrying a tire in the direction of a stack of tires located near the gate opening, where tires had not previously been stacked. He appeared to the arresting officers to be sober, and it was not raining at the time appellant was discovered in the tire shop.

The jury was presented with evidence from which conflicting inferences respecting his intent upon entering the store could reasonably be drawn, and accepted that offered by the prosecution. This court is not at liberty to alter the factual resolution made by the jury. As said in *People* v. *Thornton* (1974) 11 Cal.3d 738, 754 [114 Cal.Rptr. 467, 523 P.2d 267]: "'Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth and falsity of the facts upon which a determination depends.'"

The record provides substantial evidence to support the jury's finding that appellant entertained the requisite felonious intent when he unlawfully entered the tire shop.

The judgment is affirmed.

Racanelli, P. J., and Elkington, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 22, 1981. Bird, C. J., and Kaus, J. were of the opinion that the petition should be granted.