[No. F003742. Fifth Dist. Aug. 15, 1984.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF FRESNO COUNTY, Respondent;
JERRY RAY BEASLEY, Real Party in Interest.

132

**COUNSEL**

Edward W. Hunt, District Attorney, and Dorin J. Ladd, Chief Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Edward Sarkisian, Jr., Public Defender, and Nancy E. Kops, Deputy Public Defender, for Real Party in Interest.

OPINION

**WOOLPERT, J.**—In this mandamus proceeding the People seek to set aside the order of the trial court placing the defendant on probation with no jail time. The defendant, a repeat drunk driving offender, suffered severe permanent injury as a result of his own conduct. In determining whether the order was in excess of the court's jurisdiction, we must look to the language of the Vehicle Code, legislative prerogative, and the court's constitutional charge to protect against the imposition of cruel or unusual punishment.

We hold that the Legislature unequivocally mandated certain conditions of probation, including one year in jail, and prohibited the use of judicial techniques which have as their purpose the postponement or avoidance of the legislatively prescribed penalties. However, because the court has the ultimate duty to insure against cruel or unusual punishment, we return this matter to the trial court to determine if jailing this defendant would constitute cruel or unusual punishment.

Real party in interest, Jerry Ray Beasley (hereafter defendant), has been convicted by a jury of violating Vehicle Code section 23153, subdivision (b).[1] In addition, the court found defendant had been convicted of violating section 23102, renumbered 23152 (driving under the influence), on two separate occasions within five years of the present offense. Probation was granted, with no time in custody being required.

In their petition, the People argue the order granting probation is void and should be vacated with directions that the terms of defendant's probation include one year in county jail.

---

[1]Vehicle Code section 23153, subdivision (b), provides: "(b) It is unlawful for any person, while having 0.10 percent or more, by weight, of alcohol in his or her blood to drive a vehicle and, when so driving, do any act forbidden by law or neglect any duty imposed by law in the driving of the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver."
All further statutory references are to the Vehicle Code unless otherwise indicated.

## The Sentencing Hearing

Even though defendant was in the position of being a "third time drunk driver" who had caused injuries to himself and others, his counsel urged the court to consider defendant's miserable physical condition as "punishment enough" and to disregard the apparently mandatory language of the Vehicle Code requiring a year in jail as a term of probation. Counsel further argued that this wheelchair-bound defendant may never again drive and cause further risk to the public and that jail authorities might have difficulty housing a person disabled in this way.

The trial court agreed with the defense that *People* v. *Lopez* (1983) 147 Cal.App.3d 162 [195 Cal.Rptr. 27], permitted the sentencing court to disregard the legislative mandate. Following the *Lopez* view, the Penal Code section 1385 "in furtherance of justice" power of the court was invoked to avoid any jail time. The People argued that this was not a *Lopez* type statutory case and that defendant's danger to society remains, having driven before with a suspended license and possibly being able to do so again with special mechanical apparatus designed for handicapped drivers.

## The Jail Term Was Mandated

■ When the legislatively prescribed punishment appears too harsh, may the court find a way to avoid it? Perhaps. This is a separation of powers-sentencing discretion question. Almost 50 years ago the court, in a lesser known *Tanner* case, succinctly stated the general rule: " 'The fixing of penalties for crime is a legislative function. What constitutes an adequate penalty is a matter of legislative judgment and discretion and the courts will not interfere therewith *unless the penalty prescribed is clearly and manifestly cruel and unusual. . . .*' " (*People* v. *Tanner* (1935) 3 Cal.2d 279, 298 [44 P.2d 324], italics added.)

In 1972 the Supreme Court observed that no California court "has yet held a statutory penalty unconstitutional on the ground it is disproportionate to the crime committed." (*In re Lynch* (1972) 8 Cal.3d 410, 420 [105 Cal.Rptr. 217, 503 P.2d 921].) Although recognizing the legislative prerogative continues in the ordinary case, the court reminded us the judicial branch is the "coequal guardian of the Constitution" and that the final judgment on the question of cruel or unusual punishment is reserved for the judiciary. (*Id.,* at p. 414.)

In *Lynch,* a recidivist section of the Penal Code was declared void. Thereafter, in a series of cases the Supreme Court left intact indeterminate penal term statutes, but required each term imposed to fall within a constitutional

range, again using the cruel or unusual punishment analysis. (*In re Rodriguez* (1975) 14 Cal.3d 639 [122 Cal.Rptr. 552, 537 P.2d 384]; *People* v. *Wingo* (1975) 14 Cal.3d 169 [121 Cal.Rptr. 97, 534 P.2d 1001].) In *Wingo* the court repeated a judicial truism pertinent to this case: "A statute valid on its face may be unconstitutionally applied." (*Id.*, at p. 180.)

In *People* v. *Tanner* (1979) 24 Cal.3d 514 [156 Cal.Rptr. 450, 596 P.2d 328], the issue of cruel or unusual punishment was not directly before the court, although relief was given the defendant to avoid the harshness of its restatement of the rule: The Legislature legislates criminal penalties, and when it does so in certain terms the judiciary will not substitute its own judgment, Penal Code section 1385 notwithstanding. However, the *Tanner* rule has limits: "[S]ection 1385 is applicable in the absence of a specific indication by the Legislature to the contrary." (*People* v. *Williams* (1981) 30 Cal.3d 470, 483 [179 Cal.Rptr. 443, 637 P.2d 1029].)

Therefore, when faced with clear prohibitory language, the judicial sentencing function is one of complying with specific legislatively imposed limitations on discretion, *unless* to do so would result in the imposition of cruel or unusual punishment.

In this case the sentencing court made use of an authority which was not directly applicable. The court in *People* v. *Lopez, supra,* 147 Cal.App.3d 162, found ambiguous a provision in the law which required use of prior convictions "without limitation." Because of the ambiguity the sentencing court's discretion was not withdrawn.

█ It is now clear that the recidivist drunk driving provision of the Vehicle Code applicable in the present case is sufficiently certain to mandate that the statutory precondition to granting probation be met. (*People* v. *Municipal Court (Hinton)* (1983) 149 Cal.App.3d 951 [197 Cal.Rptr. 204].) Not only did the Legislature use the words "shall impose," but also admonitions were added that the court "shall not strike any prior conviction" to avoid the jail term (§ 23200, subd. (a)), and "shall not absolve a person . . . from the obligation of spending the minimum time in confinement . . . ." (§ 23206, subd. (c).) The *Hinton* court did not need to resort to the considerable legislative history which would have only reinforced its conclusion. Therefore, the court below erred when it placed defendant on probation without jail time, unless it considered jailing defendant to constitute cruel or unusual punishment.

### CRUEL OR UNUSUAL PUNISHMENT

This question was not before the *Hinton* court. Because driving while intoxicated is a national problem, we borrow an apt and representative point

of view: "A mandatory one year term of imprisonment for those who cannot abide by this state's traffic laws and who persist in driving after having their drivers' licenses revoked does not shock the public conscience so as to constitute cruel and unusual punishment. In light of the potential for great harm caused by such persons public sentiment demands a strong legislative response to the problem, including the mandatory imprisonment of drivers who have no respect for the motor vehicle laws of this state." (*Steeno* v. *State* (1978) 85 Wis.2d 663, 674 [271 N.W.2d 396, 401, 2 A.L.R.4th 608], fn. omitted.)

The Wisconsin court was concerned with the aspect of cruel or unusual punishment which relates to the length of the penal term when compared to the offense and the offender, an approach used by our high court from the time of *Lynch* and continued through *People* v. *Dillon* (1983) 34 Cal.3d 441 [194 Cal.Rptr. 390, 668 P.2d 697]. In this case we need not spend time engaging in a full *Lynch* analysis. One year in jail is not disproportionate to the defendant's individual culpability; when considered in the abstract it falls far short of shocking the conscience. Instead, it affirms fundamental notions of the right of highway users to pass safely. We easily reach the conclusion that in its *time* aspect the mandatory term is constitutional. However, the cruel or unusual punishment issue concerns more than the length of the penal term.

 The federal constitutional prohibition of "cruel and unusual punishments" was first concerned with barbarous *methods* of punishment. It was later extended to *what* can be made criminal and punished. The third aspect—a *length* of confinement grossly disproportionate to the severity of the crime—is the one involved in *Lynch* and *Dillon*. Conditions of confinement fall in the first category, method. Conditions which involve physical suffering will be prohibited if "inconsistent with contemporary standards of decency." (*Estelle* v. *Gamble* (1976) 429 U.S. 97 [50 L.Ed.2d 251, 97 S.Ct. 285].) If a person is to be confined in a penal institution, medical needs cannot be disregarded. (*Cummings* v. *Roberts* (8th Cir. 1980) 628 F.2d 1065.) In *Cummings* the defendant claimed he was bedridden and deprived of access to a wheelchair.

 While defense counsel argued that defendant would suffer from any confinement, no evidence was presented concerning jail conditions and the medical needs of the defendant. We know of no authority for the broad proposition that a defendant's self-inflicted injuries are a substitute for mandated penal punishment. However, the same injuries may make confinement conditions cruel or unusual punishment under modern penal concepts.

This unresolved issue might have arisen on a habeas corpus petition seeking relief from an existing intolerable and shocking condition of confine-

ment. Instead, the sentencing court is asked to predetermine whether defendant can be housed in jail in a manner which will not inflict cruel or unusual punishment. Alternatively, the court may await a petition for relief once actual conditions are experienced.

Jail authorities must "take the prisoner as they find him and provide facilities compatible with his physical condition that meet civilized standards of decency." (*In re Coca* (1978) 85 Cal.App.3d 493, 502 [149 Cal.Rptr. 465].) In that case the prisoner suffered from a colostomy and had to defecate while reclining in a bathtub, often on himself and in the presence of other inmates. Although making the incarceration "tolerable" presented a difficult situation for the authorities, the court issued further protective orders.

Implicit in the requirement that housing conditions must be made tolerable in the eyes of the law is the conclusion that when it is not reasonably possible to make them tolerable, the court retains jurisdiction to adjust the terms of punishment to avoid the unconstitutional condition.

### DISPOSITION

Let a peremptory writ of mandate issue directing the Superior Court of Fresno County to vacate its sentence in action No. 301445-3, to hold a further hearing which will allow the parties to present evidence regarding jail conditions as they would relate to defendant's incarceration, and, thereafter, resentence defendant in accordance with the views expressed in this opinion.

Brown (G. A.), P. J., and Martin, J., concurred.