[No. D007578. Fourth Dist., Div. One. Apr. 29, 1988.]

DAVID ALLEN LUCAS, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Steven E. Feldman, Alex L. Landon, Christopher Blake and Jeffrey J. Stuetz for Petitioner.

No appearance for Respondent.

Edwin L. Miller, Jr., District Attorney, Peter C. Lehman, Daniel T. Williams, George Clark and Thomas F. McArdle, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**WORK, J.**—Petitioner, David Allen Lucas, is charged in a capital case. He seeks to challenge a 1973 rape conviction and accompanying assault conviction which have been alleged as circumstances in aggravation for the penalty phase of his trial. Petitioner brought a *Coffey-Sumstine* motion (*People* v. *Coffey* (1967) 67 Cal.2d 204 [60 Cal.Rptr. 457, 430 P.2d 15]; *People* v. *Sumstine* (1984) 36 Cal.3d 909 [206 Cal.Rptr. 707, 687 P.2d 904]) seeking to have the prior stricken as unconstitutional on the basis of ineffective assistance of counsel. The court, sua sponte, said it questioned whether it had jurisdiction to hear such a motion thinking that the issue should be raised by a petition for writ of habeas corpus. Petitioner briefed the questions raised by the trial court. The People did not respond. At the hearing, the prosecution in effect conceded the court had jurisdiction to hear the motion as filed. The court, however, ruled to the contrary saying that collateral attack on priors based on constitutional claims by way of a *Coffey-Sumstine* motion is limited to those involving lack of counsel, failure to waive counsel and *Boykin-Tahl* error. (*Boykin* v. *Alabama* (1969) 395 U. S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].)

██ The question here is not *whether* one can challenge a prior conviction on the basis counsel was ineffective. Rather the question is *how* one

may do so. In *People* v. *Coffey, supra,* 67 Cal.2d 204, the defendant contended his prior conviction was invalid because he did not have nor did he waive counsel in the earlier proceedings. The court concluded the trial court should have heard a pretrial motion to strike. If the issue is properly raised at or before trial, it should be heard and determined then. (*Id* . at p. 215.)[1] Real party suggests that *Coffey* is limited to situations where lack of counsel is alleged. However, in *People* v. *Coleman* (1969) 71 Cal.2d 1159 [80 Cal.Rptr. 920, 459 P.2d 248], the defendant alleged a prior conviction was invalid because his counsel had been ineffective. The court reversed on other grounds, commenting "the validity of the prior conviction can be determined on retrial in accord with the procedure set forth in *People* v. *Coffey* . . . ." (*Id.* at p. 1169.) In that the statement was made in the context of the upcoming retrial, one might question its use as precedent. However, the Supreme Court affirmed the practice when in *People* v. *Sumstine, supra,* 36 Cal.3d 909, it said that *Coffey* motions were not limited to simple issues. "For example, we have permitted defendants to raise inadequate assistance of counsel on a *Coffey* motion," citing *Coleman.* (*Id.* at p. 919, fn. 6.) In *People* v. *Amaya* (1986) 180 Cal.App.3d 1 [225 Cal.Rptr. 313], the court specifically approved the use of a *Coffey* motion to attack a prior on the ground of ineffective assistance of counsel. Under the doctrine of stare decisis, the trial court is bound by this precedent (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455-456 [20 Cal.Rptr. 321, 369 P.2d 937]). Its reliance on *People* v. *Superior Court (Gaulden)* (1977) 66 Cal.App.3d 773 [136 Cal.Rptr. 229], which holds to the contrary, is misplaced as *Gaulden* was overruled on this point either expressly or by implication in *Sumstine, supra,* 36 Cal.3d at page 919, footnote 6.

An alternative writ or order to show cause would add nothing to the presentation. A peremptory writ is proper. (Code Civ. Proc., § 1088; *United Nuclear Corp.* v. *Superior Court* (1980) 113 Cal.App.3d 359 [169 Cal.Rptr. 827]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Let a peremptory writ issue directing the superior court to entertain the motion to strike.

Wiener, Acting P. J., and Todd, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied August 11, 1988.

---

[1]The question may also be raised by a petition for writ of habeas corpus but ordinarily should be raised by a motion to strike or a plea denying the prior conviction. (*In re Caffey* (1968) 68 Cal.2d 762, 773 [69 Cal.Rptr. 93, 441 P.2d 933].)