[No. F009216. Fifth Dist. Aug. 30, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
DARRYL STAPLES, Defendant and Appellant.

[Opinion certified for partial publication.*]

*Parts I through IV and Part VI of this opinion are not certified for publication (See Cal. Rules of Court, rules 976(b) and 976.1.)

**COUNSEL**

Terry E. Bunfill for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, and W. Scott Thorpe, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**WOOLPERT, J.**—Following a jury trial in Kern County Superior Court, defendant was found guilty of possessing a deadly weapon (a razor) while confined in state prison (Pen. Code, § 4502)[1] and assault with a deadly weapon while serving a life sentence (§ 4500). He subsequently admitted having a prior felony conviction (murder), within the meaning of section 667.

Probation was denied and defendant was sentenced as follows: for violation of section 4500, life without the possibility of parole for nine years; for violation of section 4502, four years which was stayed pursuant to section 654; for the section 667 prior conviction, five years, to be served consecutive to the 25-years-to-life term he was serving for the prior. The total term imposed was therefore 39 years to life. He timely appeals.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

I.-IV.*

· · · · · · · · · · · · · · · · · · · · ·

## V. SECTION 1385 DISCRETION

 Defendant argues the court erred when it interpreted section 4500 to preclude its exercise of discretion under section 1385. The court was of the opinion the Legislature had not provided for sentencing discretion if section 4500 had been violated.

At the time the crimes in the present case were committed, section 4500 provided, in pertinent part: "Every person undergoing a life sentence in a state prison of this state, who, with malice aforethought, commits an assault upon the person of another with a deadly weapon or instrument, or by any means of force likely to produce great bodily injury is punishable with death or life imprisonment without possibility of parole. The penalty shall be determined pursuant to the provisions of Sections 190.3 and 190.4; however, *in cases in which the person subjected to such assault does not die within a year and a day after such assault* as a proximate result thereof, *the punishment shall be imprisonment in the state prison for life without the possibility of parole for nine years.*" (Italics added.)

Also at that time, section 1385 provided: "The judge or magistrate may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading." The section was subsequently amended, effective May 6, 1986, in respects not pertinent to this issue.

Defendant attempts to bring section 4500 within the holding of *People* v. *Williams* (1981) 30 Cal.3d 470 [179 Cal.Rptr. 443, 637 P.2d 1029]. In *Williams,* the court considered whether under section 1385 the trial court may dismiss special circumstances findings. (*Id.* at p. 477.) Looking at the history of the section and the cases interpreting it, the court concluded section 1385 allows, in the interest of justice, a dismissal if the Legislature did not clearly express an intent to the contrary. (*Id.* at p. 482.) The court then discussed section 190, the code section with which it was dealing. Nothing was found in the death penalty statute evidencing an intent on the part of the Legislature to limit the trial court's power to exercise discretion to dismiss allegations. (*People* v. *Williams, supra,* 30 Cal.3d at p. 484.)

---

*See footnote, *ante,* page 272.

The court also concluded its earlier holding in *People* v. *Tanner* (1979) 24 Cal.3d 514 [156 Cal.Rptr. 450, 596 P.2d 328], did not require a result to the contrary. (*People* v. *Williams, supra,* 30 Cal.3d at p. 484.) As summarized by the court in *Williams,* the *Tanner* decision turned upon the fact section 1203.06 precluded the exercise of discretion which would otherwise be available under section 1203, which contains language similar to that in section 1385. (*People* v. *Williams, supra.)*

The critical language in section 1203.06, which the court found controlling, provides: " 'Notwithstanding the provisions of Section 1203: (a) Probation shall not be granted to . . . .' " (*People* v. *Williams, supra,* 30 Cal.3d at p. 484.)

Although section 4500 does not contain a "notwithstanding" type of provision, the section is unlike the sections dealt with in *Tanner* and *Williams*. It does not deal with enhancements or special circumstances. The section merely sets forth the punishment proscribed by law. As this court stated in *People* v. *Superior Court (Beasley)* (1984) 159 Cal.App.3d 131 [205 Cal.Rptr. 413], a case also dealing with statutes punishing recidivists: "[W]hen faced with clear prohibitory language, the judicial sentencing function is one of complying with specific legislatively imposed limitations on discretion, *unless* to do so would result in the imposition of cruel or unusual punishment." (*People* v. *Superior Court (Beasley), supra,* 159 Cal.App.3d at p. 135.) In so concluding, we quoted similar language from an earlier *Tanner* decision, *People* v. *Tanner* (1935) 3 Cal.2d 279, 298 [44 P.2d 324]. (*People* v. *Superior Court (Beasley), supra,* 159 Cal.App.3d at p. 134.)

 The plain language of section 4500 forces the inescapable conclusion the Legislature intended no parole would be possible for nine years where such a serious offense took place. Because the Legislature stated "without the possibility of parole for nine years," its language cannot fairly be construed to leave room for making possible the impossible by way of section 1385. There is no doubt the Legislature seeks to deter violent conduct on the part of recidivists, especially those incarcerated at the time repeat offenses are committed. (See *Rummel* v. *Estelle* (1980) 445 U.S. 263, 284 [63 L.Ed.2d 382, 397, 100 S.Ct. 1133]; *In re Quinn* (1945) 25 Cal.2d 799 [154 P.2d 875]; *People* v. *Harmon* (1960) 54 Cal.2d 9 [4 Cal.Rptr. 161, 351 P.2d 329], disapproved on another point in *In re Estrada* (1965) 63 Cal.2d 740, 742 [48 Cal.Rptr. 172, 408 P.2d 948]; *People* v. *Superior Court (Gaulden)* (1977) 66 Cal.App.3d 773 [136 Cal.Rptr. 229], disapproved on another point in *People* v. *Sumstine* (1984) 36 Cal.3d 909, 919, fn. 6 [206 Cal.Rptr. 707, 687 P.2d 904].)

Nevertheless, it is arguable when the Legislature amended section 4500 in 1986, it was aware of the *Williams* decision and did nothing to change the

language of the section in order to make it better conform with the *Williams* case. (See e.g. *People* v. *Jefferson* (1956) 47 Cal.2d 438 [303 P.2d 1024].) However, we conclude the Legislature failed to make such changes because, as previously noted, the *Williams* and *Tanner* decisions dealt with different types of sentencing problems: enhancements and special circumstances.

Care must be taken to distinguish between the right of the sentencing court to strike allegations which cause increased punishment (enhancements) and an attempt by the court to exclude, or preclude the use of, evidence concerning an element of a crime. As stated by the court in *People* v. *Superior Court (Gaulden), supra,* 66 Cal.App.3d at page 778, the elements of the offense proscribed by section 4500 are (1) an aggravated assault, (2) by a state prisoner, (3) serving a life term, and (4) with malice aforethought. To strike the state prisoner element before trial, or any other element, would be to prevent the prosecution of the crime. To strike any such element after trial in order to avoid the statutory minimum penalty would be contrary to the legislative purpose of assuring additional penal terms for crimes committed within the prison. This would also result in legal mumbo jumbo, to wit: sentencing for a crime not found true in all respects.

We therefore conclude the punishment in section 4500, to the extent it provides for a life sentence without the possibility of parole for nine years, is mandatory and not subject to section 1385 discretion.

VI.*

. . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Franson, P. J., and Ardaiz, J., concurred.

A petition for a rehearing was denied September 27, 1988, and the opinion was modified to read as printed above.

---

* See footnote, *ante,* page 272.