[Crim. No. 10094. Third Dist. Feb. 20, 1979.]

In re ELOY SANCHEZ on Habeas Corpus.

632

**COUNSEL**

Eloy Sanchez, in pro. per., for Petitioner.

George Deukmejian, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Eddie T. Keller and W. Scott Thorpe, Deputy Attorneys General, for Respondent.

**OPINION**

**PUGLIA, P. J.**—Petitioner seeks a writ of habeas corpus to relieve him of the partial restraint imposed by a finding of prior felony conviction contained in the abstract of judgment.

On December 7, 1976, in Orange County Superior Court, petitioner pleaded guilty to sale of heroin (Health & Saf. Code, § 11352) and admitted a prior felony conviction. (Orange County Super. Ct. No. 36189.) In the instant proceeding, petitioner complains he was not properly advised of and did not expressly waive his constitutional rights before admitting the prior conviction. (*In re Yurko* (1974) 10 Cal.3d 857, 860, 865 [112 Cal.Rptr. 513, 519 P.2d 561].) The Attorney General properly concedes the lack of proper advisement and acknowledges that the finding of prior conviction must therefore be stricken. (*In re Yurko, supra,* 10 Cal.3d at p. 864.)

 Accordingly, we order the finding stricken. The allegation in the information of prior felony conviction, however, now stands unadjudicated. Petitioner may therefore be returned to Orange County Superior Court on order of that court for further proceedings on the allegation of prior conviction, if the court be so advised. (*In re McCoy* (1948) 32 Cal.2d 73, 77 [194 P.2d 531]; see *People* v. *Fisk* (1975) 50 Cal.App.3d 364, 372-373 [123 Cal.Rptr. 414].) Further proceedings, if taken, must be

commenced within 60 days after a copy of this order has been filed in the trial court and served on the district attorney. (Pen. Code, § 1382, subd. 2.)

The Orange County Superior Court is directed to modify the abstract of judgment by striking therefrom the finding of prior felony conviction. The Department of Corrections is ordered to redetermine petitioner's legal status without reference to the finding of prior conviction. Immediately upon this decision becoming final, the clerk is ordered to file a true copy with the clerk of the Superior Court of Orange County and to serve a true copy upon the District Attorney of Orange County.

Since petitioner is not entitled to immediate release, the petition for writ of habeas corpus, having served its purpose, is denied.

Regan, J., and Paras, J., concurred.