[No. B016753. Second Dist., Div. Seven. Apr. 14, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTONIO RUBALCAVA, Defendant and Appellant.

**COUNSEL**

Michael L. Shultz, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Linda C. Johnson and Stephen M. Kaufman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**JOHNSON, J.**—Antonio Rubalcava appeals[1] from a judgment of conviction rendered against him for 10 counts of violating section 288, subdivision (b) (Pen. Code.)[2] for lewd or lascivious acts with 2 children under the age of 14 years.

He raises three issues on appeal: (1) whether his right to confrontation was violated when the trial court permitted the victims' testimony at the preliminary hearing to be read at trial; (2) whether his right to counsel was violated when the trial court clarified the reasonable doubt instruction in the absence of counsel; and (3) whether he was denied effective assistance of counsel. For the reasons set forth below, we reverse the judgment. Because we conclude Rubalcava's right to counsel was violated, we do not address the remaining issues.

## I. STATEMENT OF FACTS AND PROCEEDINGS BELOW

Appellant does not challenge the sufficiency of the evidence thus we relate only those facts pertinent to the dispositive issue. Rubalcava was charged by information of 15 counts of lewd or lascivious acts upon his two nieces. One of these girls was approximately seven and the other six at the time of the alleged acts. Upon the motion of the People, five counts were

---

[1] Appellant also filed a petition for writ of habeas corpus during the pendency of this proceeding alleging that he was denied the right to counsel and the right to effective assistance of counsel at trial.

[2] Unless otherwise indicated all statutory references are to the Penal Code.

dismissed as were the enhancements pertaining to each count pursuant to section 1203.066, subdivisions (a)(7) and (a)(9).

Both children testified at the preliminary hearing. They were placed in a foster home. Prior to trial the victims were abducted by their parents. Following a section 402 (Evid. Code) hearing the trial court ruled the victims' testimony at the preliminary hearing could be read to the jury from the transcript.

At trial, defense counsel and defendant stipulated that the court could answer any jury question in their absence which did not require research or discussion. The jury deliberated for almost two days. During those deliberations the jury asked that the victims' testimony be reread. They also addressed questions to the court. One question asked by the jury was for further explanation of the concept of moral certainty found in the instruction on reasonable doubt (CALJIC 2.90 (1979 rev.)). The court discussed this concept at some length without the presence of either counsel or defendant. The jury subsequently returned a verdict of guilty on all counts. Appellant was sentenced to 60 years in state prison. He timely appeals.

## II. APPELLANT'S RIGHT TO COUNSEL WAS VIOLATED WHEN THE TRIAL COURT CLARIFIED THE REASONABLE DOUBT INSTRUCTION IN HIS LAWYER'S ABSENCE.

At trial the trial court asked defense counsel and appellant if they would agree to the following stipulation: "If there is any real sticky question that requires discussion by us or research or anything like that, I would obviously get a hold of you and have you and Mr. Steinitz [prosecutor] here so we can all discuss the matter before I answer questions.

"But in the absence of that type of question, is the defendant agreeable to stipulate—or is the defendant willing to stipulate that I can answer those questions in his absence and in your absence?" Rubalcava and his trial counsel both agreed to this stipulation.

During jury deliberations the trial court was informed that the jury could not come to any agreement on the meaning of moral certainty. Referring to the instruction on reasonable doubt[3] the trial court amplified on the instruction and stated in part:

---

[3] CALJIC No. 2.90 (1979 rev.) read as follows: "A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to a verdict of not guilty. This presumption places upon the State the burden of proving him guilty beyond a reasonable doubt.

"The only way I can really explain moral certainty to you, you know what certainty means. You are certain. The only way I can explain it to you is to distinguish it from absolute certainty.

"Now, moral certainty is not absolute certainty. The case does not require absolute certainty; because, as you will note in that instruction, that is impossible, especially under the circumstances in which we try cases. . . .

"So moral certainty is not absolute certainty. It is less than that. . . .

"Moral certainty is probably as certain as we can be under the circumstances in which cases are tried. It is probably the closest to absolute certainty you can get, but yet it is short of absolute certainty."

 The gravamen of appellant's claim on appeal is that the trial court's decision to explain and the explanation it gave to the jury of the concept of moral certainty went beyond the scope of the stipulation between the defense and trial court. We agree.

 A defendant "is entitled to the assistance of counsel at all critical stages of the proceedings under the Sixth Amendment of the United States Constitution." (*People* v. *Stewart* (1983) 145 Cal.App.3d 967, 972 [193 Cal.Rptr. 799].) Jury deliberation constitutes one critical stage of a criminal trial. (*Ibid.*) Moreover, a defendant is afforded additional protection under section 1138 which provides: "After the jury have retired for deliberation, if there be any disagreement between them as to the testimony, or *if they desire to be informed on any point of law arising in the case,* they must require the officer to conduct them into court. Upon being brought into court, the information required must be given in the presence of, or after notice to, the prosecuting attorney, and the defendant or his counsel, or after they have been called" [italics added]. "[A] trial court's instructions to a jury in a criminal case are given at a 'critical' stage of the proceedings and therefore, without the presence of counsel and absent a stipulation, comprise both constitutional and statutory error." (*People* v. *Dagnino* (1978) 80 Cal.App.3d 981, 988 [146 Cal.Rptr. 129].)

The defense had stipulated the trial court could answer only those jury questions which did not require discussion or research. It is manifest that a request for clarification of the concept of moral certainty is the sort of

---

"Reasonable doubt is defined as follows: It is not a mere possible doubt; because everything relating to human affairs, and depending on moral evidence, is open to some possible or imaginary doubt. It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge."

"sticky question" which falls outside the scope of the stipulation. We conclude the trial court erred in defining the concept of moral certainty for the jury without counsel or defendant present.

■ Although denial of counsel at a critical stage of a criminal trial may not be prejudicial as a matter of law, prejudice will be presumed when such a denial may have affected the substantial rights of the defendant and "[o]nly the 'most compelling showing' to the contrary will suffice to overcome the presumption, . . ." (*People* v. *Dagnino, supra,* 80 Cal.App.3d at p. 989.) The applicable standard for determining whether the denial of assistance of counsel requires reversal is set forth in *Chapman* v. *California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711, 87 S.Ct. 824, 24 A.L.R.3d 1065] which informs us we must find this error was harmless beyond a reasonable doubt. (*Id.* at pp. 988-989, *People* v. *Knighten* (1980) 105 Cal.App.3d 128, 133 [164 Cal.Rptr. 96].)

CALJIC No. 2.90 which draws upon the definition of reasonable doubt in section 1096[4] is the only instruction which defines reasonable doubt in the CALJIC jury instructions. (*People* v. *Brigham* (1979) 25 Cal.3d 283, 290 [157 Cal.Rptr. 905, 599 P.2d 100].) Courts have closely scrutinized deviations from the accepted instruction on reasonable doubt because it "more than any other is central in preventing the conviction of the innocent." (*Ibid.*) ■ Furthermore to eliminate error caused by these deviations the Legislature enacted section 1096a (*People* v. *Simms* (1956) 144 Cal.App.2d 189, 199 [300 P.2d 898]; *People* v. *Garcia* (1975) 54 Cal.App.3d 61, 66 [126 Cal.Rptr. 275]) which states: " 'In charging a jury, the court may read to the jury section 1096 of this code, and no further instruction on the subject of the presumption of innocence or defining reasonable doubt need be given.' "

The court in *People* v. *Garcia, supra,* 54 Cal.App.3d at pages 63-67 surveyed various attempts to clarify the reasonable doubt instruction. It concluded the definition found in section 1096 "has with near, if not complete, universality been accepted as the best definition of the concept of proof beyond a reasonable doubt. Well intentioned efforts to 'clarify' and 'explain' these criteria have had the result of creating confusion and uncertainty, and have repeatedly been struck down by the courts of review of this state." (*Id.* at p. 63.) According to the *Garcia* court the only authoritative

---

[4]Section 1096 provides in relevant part: "Reasonable doubt is defined as follows: 'It is not a mere possible doubt; because everything relating to human affairs, and depending on moral evidence, is open to some possible or imaginary doubt. It is that state of the case, which, after the entire comparison and consideration of all the evidence, leaves the minds of jurors in that condition that they can not say they feel an abiding conviction, to a moral certainty, of the truth of the charge.' "

exception to the strict language of section 1096 is found in *People* v. *Hall* (1964) 62 Cal.2d 104, 112 wherein Chief Justice Traynor wrote: " 'To justify a criminal conviction, the trier of fact must be reasonably persuaded to a near certainty.' " (*Id.* at pp. 66-67 quoting *People* v. *Hall, supra,* (italics deleted).) The *Garcia* court concluded "[t]his concept of reasonable persuasion 'to a near certainty' is now a necessarily implied element of section 1096's definition." *(Id.* at p. 67.)

■ Just as in *Garcia, supra,* 54 Cal.App.3d at page 68 the jury was properly instructed on reasonable doubt but the trial court elaborated upon that instruction. Here the trial court, prompted by a jury question, provided an extended discussion of a constituent part of the concept of reasonable doubt. It did so without giving the notice which would have allowed defendant's counsel to be present. If present, defense counsel may well have successfully objected to the giving of any additional instruction on reasonable certainty or reasonable doubt or, at a minimum, may have assisted in the crafting of a different elaboration on that subject. However well-meaning the trial court was in its explanation of moral certainty it encroached upon the defendant's right to assistance of counsel.

We cannot say from our reading of the record that this error was harmless beyond a reasonable doubt. Because defense counsel was *not* present when the trial court extemporaneously responded to the jury's question about the meaning of moral certainty, we can only conjecture about what appellant's lawyer would have done had he been present. Nonetheless, we think a reasonable attorney would have objected to any "clarification" of the reasonable doubt instruction as tending to confuse the jury regarding the proper standard to be applied to the evidence. He almost certainly would have objected to the "clarifying" instruction the court proposed to give and actually gave. This instruction emphasized and reemphasized and reemphasized again that moral certainly is something less than absolute certainty. Then the instruction qualified the two attempted descriptions of how *close* this lesser degree of certainty approaches to absolute certainty with the word "probably."

The evidence of guilt in this case was far from overwhelming. The prosecution rested largely on the hearsay testimony of a six-year-old and a seven-year-old which was read to the jury from a transcript of the preliminary hearing. The jury did not have the opportunity to observe the children's demeanor or to see them cross-examined. We infer from the record that the jury likewise considered this case to be close since it deliberated for almost two days before rendering guilty verdicts. In light of these facts we do not conclude a reasonable juror could not have reached a different verdict had the trial court refused to give the "clarifying" instruction it did or had given

a different one. Accordingly, we cannot conclude the error in denying defendant his right to counsel at the critical stage when the judge was deciding whether to "clarify" the meaning of "moral certainty," and, if so, what language to use in the clarifying instruction was harmless beyond a reasonable doubt. It follows we must reverse.

## DISPOSITION

The judgment is reversed.

Lillie, P. J., and Thompson, J., concurred.