[Crim. No. 27886. Second Dist., Div. Two. June 9, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD MICHAEL MOODY, Defendant and Appellant.

## COUNSEL

George S. Vorgitch, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Juliet H. Swoboda and Sandy R. Kriegler, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ROTH, P. J.**—Appellant, Richard Michael Moody, appeals from the judgment entered on a jury verdict finding him guilty of burglary in the first degree. (Pen. Code, § 460.)

On May 30, 1975, 15-year-old Colleen G. was employed as a babysitter at a home in Arcadia, California. At about 11 p.m., Colleen and the four children she was babysitting fell asleep in the front room while watching television. Shortly before 3 a.m. Colleen awakened and sent the children upstairs to their bedrooms. After the children had gone to their bedrooms, Colleen heard a sound, turned and saw appellant standing in the hallway with his arms outstretched. Fearing for her personal safety she "made some sort of noise" more a "gasp" than a "scream" and appellant turned and fled out the front door. Colleen immediately called the police and 15 minutes later two police cars arrived.

The police officer from one of the cars entered the house. The other coasted slowly up the street with its engine and lights off, stopped, and the officer in the latter car got out and hid behind some bushes. Within seconds the officer saw appellant come out of the yard of a house directly in back of the house in which Colleen was babysitting. The officer hollered at appellant to "freeze," but appellant ran. The officer gave chase and caught appellant near a fence. Appellant was taken back to the scene and identified by Colleen.

Appellant's defense of alibi was buttressed by his own testimony, members of his family, his girlfriend, and his girlfriend's mother. Essentially the defense was that appellant had been at a family gathering earlier in the evening after which he took an uncle home and then went to his aunt's house and finally ended up at the home of his girlfriend who lived across the street from the house in which Colleen was babysitting. The evidence to sustain the alibi was such, if believed, that appellant did not leave his girlfriend's house until sometime after Colleen was surprised by his presence. Appellant testified in addition that he had not been in the yard in which the officer's testimony had placed him and that he had run from the officer because officers were always "hasseling" him and he wanted to hide. The prosecution moved to impeach appellant through the use of prior instances of conduct in which appellant had been involved. The motion was granted. Appellant asserts error.

At bench out of the presence of the jury appellant testified that in 1969 he had been arrested for and convicted of burglary.[1] Prior to that arrest he had run across the street because, as he told the police, he did not want to be hasseled. That story was almost identical to the one he gave to the arresting officer in the case at bench. ■ It is settled that when a defendant uses the same excuse to explain his conduct on more than one occasion his prior statements are admissible to prove his present explanation is fabricated. (*People* v. *Ricketts* (1970) 7 Cal.App.3d 441, 444-445 [86 Cal.Rptr. 647].)

■ Appellant urges that since his defense was an alibi, prior acts could only be relevant to the identity of the perpetrator of the burglary. (*People* v. *Thornton* (1974) 11 Cal.3d 738 [114 Cal.Rptr. 467, 523 P.2d 267].) Appellant oversimplifies the principles involved and the nature of his defense which consisted of two separate but interrelated parts. First, he alleged that the reason he ran was because he had been hasseled by the police on prior occasions and he was running from the police so that they would not hassel him anymore, an innocent explanation of his flight. Secondly, he was asserting an alibi. To determine whether the evidence was properly admitted, it is necessary to examine each part of his defense.

Considering the relevancy of the evidence and the discretion afforded the trial judge there was no error in its admission by the trial court. (*People* v. *Ricketts* (1970) 7 Cal.App.3d 441, 444-445 [86 Cal.Rptr. 647].)

Appellant's testimony was more than a normal alibi, it included an explanation of his conduct. (*People* v. *Thornton, supra,* 11 Cal.3d 738.) Appellant voluntarily put his state of mind in issue. ■ Evidence of flight supports an inference of consciousness of guilt and constitutes an implied admission of guilt. (*People* v. *Perry* (1972) 7 Cal.3d 756 [103 Cal.Rptr. 161, 499 P.2d 129]; *People* v. *Martin* (1969) 275 Cal.App.2d 334 [79 Cal.Rptr. 769].) ■ And evidence of other crimes is admissible if it tends logically, naturally, and by reasonable inference to establish any fact material to the people or overcome any matter sought to be proved by the defense. (*People* v. *Peete* (1946) 28 Cal.2d 306, 315 [169 P.2d 924].) ■ People were entitled to show that appellant fled out of consciousness of guilt and not from a fear of being hasseled. On cross-examination appellant admitted that in 1967 following his arrest

---

[1]When appellant was cross-examined in front of the jury, the jury was not advised of the fact that appellant had suffered a conviction of second degree burglary.

for prowling, he told the police officer that he was looking for "Any woman in any condition." He also testified that he entered another residence in 1970 with the intent to commit theft. In each case the court instructed the jury that these two prior events were admissible to prove intent, motive, or absence of mistake but no criminal disposition. (Evid. Code, § 355.)

Evidence of the two above incidents was relevant to show that appellant ran because of consciousness of guilt of the burglary. (*People* v. *Perry* (1972) 7 Cal.3d 756, 771 [103 Cal.Rptr. 161, 499 P.2d 129].) Since the evidence of defendant's state of mind was not implicit in his denial of guilt the People were entitled to introduce this evidence in order to prove that appellant ran because he had committed the burglary. (See *People* v. *Harrison* (1963) 59 Cal.2d 622, 628-629 [30 Cal.Rptr. 841, 381 P.2d 665].) In order to prove that appellant had committed the burglary, the People had to prove an intent to commit theft or another felony following his entry into the house in which Colleen was babysitting. Both of the incidents referred to above were properly admitted to rebut appellant's claim that he did not run because of a consciousness of guilt.

Appellant also contends that the prosecutor's remarks in closing argument coupled with the jury instructions constituted prejudicial error. No transcript of the argument has been provided and we do not consider this portion of appellant's conjunctive assertion. (*People* v. *Doebke* (1969) 1 Cal.App.3d 931 [81 Cal.Rptr. 391].) ■ Our examination reveals no error in the criticized instructions given by the court to the jury on rape and assault with intent to commit rape. A judge must instruct the jury on the general principles of law relevant to the issues raised by the evidence. (*People* v. *Sedeno* (1974) 10 Cal.3d 703, 715-716 [112 Cal.Rptr. 1, 518 P.2d 913].) It was the People's theory that appellant entered with either the intent to commit rape or theft. Penal Code section 459 provides that burglary is committed by an entry into a structure with the specific intent to commit theft or a felony. To fully instruct the jury on the probable felonies embraced in the evidence it was necessary for the court to instruct on the elements of these felonies. Thus there was no error.

■ Appellant next contends that his motion pursuant to Penal Code section 1118.1 was erroneously denied. In reviewing this contention we must determine whether substantial evidence of each element of the charged offense was introduced by People in the case-at-chief. (*People* v. *Wong* (1973) 35 Cal.App.3d 812 [111 Cal.Rptr. 314]; *People* v. *Reilly* (1970) 3 Cal.3d 421 [90 Cal.Rptr. 417, 475 P.2d 649].)

Appellant entered the structure, to wit, a dwelling house, at night after all the doors had been locked and when discovered he had his arms outstretched toward the intended victim, a 15-year-old girl who was dressed only in a nightgown. When discovered he ran. Thereupon when confronted by a police officer appellant once again took flight. From the above facts, the jury could have concluded and there was substantial evidence to support a finding that appellant had either entered the house with an intent to commit theft or to commit rape. Appellant's motion was properly denied. (*People* v. *Wong, supra,* 35 Cal.App.3d 812.)

■ Burglary is defined as the entry of a structure with the intent to commit theft or any felony. (Pen. Code, § 459.) Proof of intent is rarely susceptible of direct proof and may be inferred from the circumstances of the case. (*People* v. *Earl* (1973) 29 Cal.App.3d 894, 896 [105 Cal.Rptr. 831].) Furthermore, even if no crime was committed after entry into the structure, an intent to commit theft at the time of entry may be inferred from flight from the premises. (*People* v. *Martin* (1969) 275 Cal.App.2d 334 [79 Cal.Rptr. 769].)

Appellant's final contention relying on *In re Podesto* (1976) 15 Cal.3d 921 [127 Cal.Rptr. 97, 544 P.2d 1297], is that the court in denying his motion for bail pending appeal should have provided a reason. *Podesto* specifically provides that the doctrine thereof is to be applied prospectively only. (*In re Podesto, supra,* at p. 921.) The decision to deny appellant bail on appeal was made prior to the date of *Podesto,* to wit, January 27, 1976.

The judgment is affirmed.

Compton, J., and Beach, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 21, 1976.