Filed 12/4/13  P. v. Atkins CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B245835 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA386232) |
| v. | |
| FLOYD ATKINS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Clifford L. Klein, Judge.  Affirmed.

Daniel R. McCarthy, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, and Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.

_____

The jury found defendant and appellant Floyd Atkins guilty of one count of discharging a laser at an aircraft, in violation of Penal Code section 247.5.[1] It acquitted defendant of a second section 247.5 violation.

The trial court sentenced defendant to three years in county jail, two of which were suspended, to be served under mandatory supervision pursuant to section 1170, subdivision (h)(5).

Defendant contends the trial court erred in admitting prejudicial evidence of prior uncharged crimes. He also challenges the trial court's disposition of his motion for review of the personnel records of four police officers pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*). We affirm the judgment.

**FACTS**

*Prosecution*

In the early morning hours of July 4, 2011, a Los Angeles Police Department helicopter, identified as Air Unit 3, was struck by a green laser while flying over downtown Los Angeles. Tactical Flight Officer Chris Mezich was able to pinpoint the source of the laser beam to a house in the area of Paloma and 29th Streets. Officer Mezich had been hit by a green laser originating in the same area twice within the previous two weeks.

Soon after Air Unit 3 was struck by the laser, Air Unit 18 relieved it from patrol. Air Unit 18 began flying southbound along the 110 freeway when it, too, was hit with a green laser originating in the same area. Air Unit 18 radioed ground units and reported the incident. Los Angeles Police Officers Byron Hernandez and Jordan Ornelas responded, as did Officers Tornek and Sanchez. The officers approached a house at 1001 East 29th Street through an alley between Griffith Avenue and Paloma Street. They

---

[1] All further statutory references are to the California Penal Code unless otherwise stated.

2

stopped in the alley, where Officers Hernandez and Ornelas had an unobstructed view of the house. Officers Hernandez and Ornelas saw defendant exit the rear door of the house, walk into the driveway, and point a green laser at the sky with both hands. Officer Hernandez observed a green beam of light emitting from defendant's hands into the sky, just as Air Unit 18 advised the officers it was being hit with the green laser again. Defendant went back into the house. About 30 seconds later he came back outside and discharged the laser again. Another person, later identified as Alvaro Jimenez, Jr., opened and closed the door for defendant. The two men repeated their actions three or four more times. Officer Hernandez heard laughter as this was occurring.

While Officer Hernandez was observing defendant and Jimenez, other officers surrounded the house. The officers summoned the occupants of the house outside via bullhorn. Seven people exited, including five males and two females. Defendant came out last. Jimenez's father consented to a search of the house. Officers located a black, pen-style laser pointer which emitted a green laser beam and a flashlight that had the ability to emit a red laser beam inside. The items were booked into evidence, and defendant and Jimenez were arrested.

Evidence was presented that lasers had been discharged at an aircraft from the same location on more than one occasion within weeks before the charged incident.

*Defense*

Jimenez's father testified that defendant was a long-time friend of his son's and stayed overnight with the family regularly. He observed defendant sleeping on the couch as he exited the house in compliance with the officers' request, although he believed defendant was "pretending to be asleep."

Evidence was presented that defendant was approximately 5'7" or 5'8" tall and that a pickup truck of the same height was parked across from the back door of the house on the night in question. It was dark when the incident took place. There was no light by the back door, and the closest light source was a dim yellow light, about 100 feet away.

3

When Officer Hernandez was shown a picture taken by a defense investigator who tried to recreate the view the officer would have had that night, Officer Hernandez testified that he could not identify Jimenez in the picture. Officer Hernandez was better able to identify Jimenez in person and he described the quality of the picture as poor, with "glare."

## DISCUSSION

### I. *Evidence of an Uncharged Crime*

The trial court allowed evidence of uncharged incidents of discharging a laser at an aircraft to be admitted for the sole purpose of establishing the location of the crime after defense counsel "opened the door" on the issue of location. Officers Mezich and Brown testified Air Unit 3 was hit by a laser more than once in the two weeks before the incident at issue took place. On June 27, 2011, officers were able to determine the laser originated at 1001 East 29th Street. The location was searched, but no devices capable of emitting a laser were discovered. Defendant contends the trial court committed reversible error in admitting this evidence. He argues the evidence was either impermissibly admitted as evidence of "identity" pursuant to Evidence Code section 1100 or as otherwise impermissible rebuttal evidence. The Attorney General asserts the evidence was properly admitted under Evidence Code section 352 as relevant to showing that the officers were familiar with the location from which the beam was emitted and did not require an exception to be admissible.

The trial court did not abuse its discretion in admitting the evidence. "[E]vidence of other crimes is admissible if it tends logically, naturally, and by reasonable inference to establish any fact material to the people or overcome any matter sought to be proved by the defense. (*People v. Peete* (1946) 28 Cal.2d 306, 315.)" (*People v. Moody* (1976) 59 Cal.App.3d 357, 361.) Evidence of the prior events was admissible to rebut any suggestion that Officer Mezich could not discern the location from which the laser originated.

It is not reasonably probable that the result would have been more favorable to defendant if the evidence had been excluded. (*People v. Scheer* (1998) 68 Cal.App.4th 1009, 1018-1019 ["[T]he erroneous admission of prior misconduct evidence does not compel reversal unless a result more favorable to the defendant would have been reasonably probable if such evidence were excluded."]; see also *People v. Allen* (1986) 42 Cal.3d 1222, 1258 [evaluating error in admitting evidence as harmless under the standard of *People v. Watson* (1956) 46 Cal.2d 818, 836].)

Any error was harmless in the face of the other overwhelming evidence of defendant's guilt. Officers Hernandez and Ornelas observed defendant deliberately aiming a laser at Air Unit 18 multiple times. The timing of the observed laser discharges coincided directly with strikes reported by Air Unit 18. Both officers testified they had a clear and unobstructed view of the house. Officer Hernandez testified that he was "close enough to hear [defendant] laughing and snickering" during the incident. Two devices capable of emitting lasers were discovered on the premises, and one of those devices was capable of emitting a green light—the color of the laser beams that both Air Unit 18 and Officer Hernandez observed. In light of the volume of evidence against defendant, we cannot conclude that exclusion of the evidence would have been reasonably likely to change the outcome of this case.

## II. *Pitchess Motion*

### A. Officers Tornek and Sanchez

Defendant moved for review of the personnel files of Officers Sanchez, Tornek, Hernandez, and Ornelas on the basis that the officers lied when they identified him as the perpetrator of the laser attack. The trial court denied defendant's *Pitchess* motion with respect to Officers Sanchez and Tornek but granted the motion as to Officers Hernandez and Ornelas. Defendant contends the court abused its discretion in denying the motion as to Officers Sanchez and Tornek. We disagree.

"We review the denial of a *Pitchess* motion for abuse of discretion." (*People v. Moreno* (2011) 192 Cal.App.4th 692, 701.) "The legal principles guiding our review of *Pitchess* motions are well-established. 'A defendant has a limited right to discovery of a peace officer's confidential personnel records if those files contain information that is potentially relevant to the defense. [Citations.] . . . [¶] To initiate discovery, a defendant must file a motion seeking such records, containing affidavits "showing good cause for the discovery or disclosure sought, setting forth the materiality thereof to the subject matter involved in the pending litigation . . . ." [Citation.] Good cause requires the defendant to establish a logical link between a proposed defense and the pending charge and to articulate how the discovery would support such a defense or how it would impeach the officer's version of events. [Citation.] [¶] 'The threshold for establishing good cause is "relatively low." [Citations] The proposed defense must have a "plausible factual foundation" supported by the defendant's counsel's declaration and other documents supporting the motion. [Citation.] A plausible scenario "is one that might or could have occurred." [Citation] The "defendant must also show how the information sought could lead to or be evidence potentially admissible at trial . . . ." [Citation.] . . .' [Citation.]" (*Sisson v. Superior Court* (2013) 216 Cal.App.4th 24, 33-34.)

Here, the trial court found that defendant failed to establish good cause as to Officers Sanchez and Tornek because the motion only cursorily mentioned the two officers and did not specifically assert that they identified defendant as the person wielding the laser. Moreover, the evidence attached to the motion concerned observations made by Officers Hernandez and Ornelas, and only briefly referred to Officers Sanchez and Tornek. Prior to its ruling, the court questioned defense counsel as to whether he wished to argue definitively that the officers inculpated defendant. Defense counsel averred that the two officers were named in the motion only in an abundance of caution and declined to argue that the officers identified defendant.

We conclude the trial court did not abuse its discretion in denying defendant's *Pitchess* motion as to Officers Tornek and Sanchez. Defendant failed to establish good cause for the records to be reviewed because he did not address the relevance of the

6

officers' records with specificity in the motion and abandoned the opportunity to do so at the hearing.

## B. **Officers Hernandez and Ornelas**

After granting defendant's *Pitchess* motion as to Officers Hernandez and Ornelas, the trial court held an in camera hearing to review the officers' personnel records. It found one item in Officer Hernandez's records relevant and ordered that it be disclosed. All other items in the personnel records of the two officers were deemed undiscoverable.

Defendant requests this court independently review the record of the in camera hearing. In carrying out our duty to conduct an independent review (*People v. Mooc* (2001) 26 Cal.4th 1216, 1228-1232), we issued a record correction order to have a complete record of proceedings. Having reviewed the corrected record and conducted an independent review of the proceedings, we hold the trial court did not abuse its discretion in ruling on the *Pitchess* motion.

## DISPOSITION

The judgment is affirmed.

KRIEGLER, J.

We concur:

TURNER, P. J.                                   MOSK, J.

7